UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
LEXINGTON DIVISION
CIVIL ACTION NO. 5:24-cv-00256-REW

PATRICIA LYNN CORNELIUS,
ADMINISTRATRIX OF THE
ESTATE OF JOSEPH GLYNN FRYER                                           PLAINTIFF

v.

MADISON COUNTY FISCAL
COURT, *et al.*                                                        DEFENDANTS
_____

### MOTION FOR PROTECTIVE ORDER STAYING DISCOVERY
_____

Come Defendants Madison County Fiscal Court (the "Fiscal Court") and Jailer Steve Tussey, in his individual capacity (together the "Madison County Defendants"), by counsel, and respectfully move the Court pursuant to Fed. R. Civ. P. 26(c)(1) for a protective order staying discovery until such time as the Court has ruled on the Madison County Defendants' pending Motions to Dismiss the Complaint. In support of their Motion, the Madison County Defendants state as follows:

### FACTUAL AND PROCEDURAL BACKGROUND

This suit arises from the death of Joseph Glynn Fryer, who was an inmate at the Madison County Detention Center. *See generally* Complaint, D.E. 1, Page ID## 1-21. On September 18, 2024, Patricia Lynn Cornelius, administratrix of the estate of Joseph Glynn Fryer, filed the Complaint herein alleging negligence, gross negligence, and negligent hiring, training, and supervision under state law against West Kentucky Correctional Healthcare; cruel and unusual punishment, punishment without due process, deliberate indifference, supervisory liability, and conspiracy pursuant to 42 U.S.C. § 1983 against all Defendants; and *Monell* liability pursuant to

1

42 U.S.C. § 1983 against the Fiscal Court. *See id*. The Fiscal Court filed a motion to dismiss on October 15, 2024, which has been fully briefed. However, because the summons to Jailer Tussey was improperly served on Major Russell Lane, counsel executed a waiver of service, giving Jailer Tussey until January 5, 2025, to respond to the Complaint. *See* Executed Waiver, attached as **Exhibit _**. On January 3, 2025, Jailer Tussey moved to dismiss the claims against him, arguing among other things that the claims against him are barred by qualified immunity. *See* Motion to Dismiss, D.E. 17, Page ID## 138-39. Jailer Tussey's reply in support of his motion to dismiss is being filed contemporaneously herewith, and briefing on all currently pending motions to dismiss has therefore been completed. On January 29, 2025, the Court issued an order requiring the parties to conduct the Rule 26(f) planning conference and begin discovery but leaving the door open to parties who had filed a Rule 12 motion to seek a stay of discovery. Order, D.E. 20, Page ID## 157-58.

## ARGUMENT

Fed. R. Civ. P. 26(c) permits a district court to issue a protective order staying discovery during the pendency of a motion to dismiss for "good cause." "Trial courts have broad discretion and inherent power to stay discovery until preliminary questions that may dispose of the case are determined." *Hahn v. Star Bank,* 190 F.3d 708, 719 (6th Cir. 1999). "In ruling upon a motion to stay, the court must weigh the burden of proceeding with discovery against the hardship worked by a denial of discovery." *Osborn v. Griffin*, 2011 WL 13156649, at *1 (E.D. Ky. Dec. 9, 2011). Courts also consider efficiency when evaluating whether good cause exists for a stay. *See id.* at *2 (granting stay pending ruling on motion to dismiss where stay "would prevent the parties from incurring potentially unnecessary and burdensome discovery expense"). In particular, courts have found that "[l]imitations on pretrial discovery are appropriate where claims may be dismissed

2

'based on legal determinations that could not have been altered by any further discovery.'" *Gettings v. Bldg. Laborers Local 310 Fringe Benefits Fund*, 349 F.3d 300, 304 (6th Cir. 2003) (quoting *Muzquiz v. W.A. Foote Mem'l Hosp., Inc.,* 70 F.3d 422, 430 (6th Cir. 1995)); *see also Bangas v. Potter*, 145 Fed. App. 139, 141 (6th Cir. 2005) ("District courts have broad discretion and power to limit or stay discovery until preliminary questions which may dispose of the case are answered."); *cf. Donaldson v. DeJoy*, 2024 WL 3493870, at *5 (6th Cir. May 1, 2024) (finding the trial court did not abuse its discretion in denying a motion for discovery while a motion to dismiss was pending "because the discovery that [the plaintiff] sought was not relevant to whether his first amended complaint stated a plausible claim for relief").

Specific to the present motion, both the Supreme Court and Sixth Circuit have held that discovery **must** be stayed until a bona fide claim of immunity has been decided. *See Siegert v. Gilley*, 500 U.S. 226, 232 (1991) (quoting *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982)) (emphasis in *Siegert*) ("'[u]ntil this **threshold** immunity question is resolved, discovery should not be allowed'"); *Kennedy v. City of Cleveland*, 797 F.2d 297, 299 (6th Cir. 1986) (discussing *Mitchell v. Forsyth*, 472 U.S. 511 (1985)) ("the court is further obligated, upon application, not only to refrain from proceeding to trial but to stay discovery until that [immunity] issue is decided"). This rule acknowledges the principle that immunity defenses are intended to shield their possessors not only from liability, but also from the burdens of suit, including discovery. *See Pearson v. Callahan*, 555 U.S. 223, 231 (2009) (describing qualified immunity as "immunity from suit rather than mere defense to liability"). Here, requiring Jailer Tussey to respond to discovery requests and participate in depositions while he has a motion to dismiss based on immunity grounds pending would irreparably deprive him of his immunity protections in the event the Court finds his defenses meritorious.

3

Jailer Tussey's immunity defense alone warrants a stay under *Siegert*, but other considerations weigh in favor of a stay as well. First, staying discovery will not pose a hardship to the Estate because none of the grounds for dismissal raised by the Madison County Defendants requires the resolution of any fact issues for which discovery might be necessary. On the contrary, "a motion to dismiss is based on allegations contained in the relevant pleadings as opposed to facts developed during discovery." *Burnett v. Martin*, 2007 WL 3046066, at *2 (E.D. Ky. Oct. 16, 2007). Furthermore, briefing on the Motions to Dismiss has been completed and the parties have not begun taking discovery.

Conversely, the inefficiency of proceeding with discovery in light of the procedural posture of this case would create an unnecessary and undue burden. In particular, the Madison County Defendants cannot meaningfully participate in discovery without knowing what, if any, claims will survive or the defenses on which they will rely. And proceeding with discovery before the Motions to Dismiss have been resolved would defeat "[t]he very purpose of Fed. R. Civ. P. 12(b)(6)," which "'is to enable defendants to challenge the legal sufficiency of complaints without subjecting themselves to discovery.'" *See Yuhasz v. Brush Wellman, Inc.*, 341 F.3d 559, 566 (6th Cir. 2003) (quoting *Rutman Wine Co. v. E. & J. Gallo Winery*, 829 F.2d 729, 738 (9th Cir. 1987)).

## **CONCLUSION**

In light of the procedural posture of this case and the nature of the Madison County Defendants' pending motions to dismiss and in the interest of efficiency, the Madison County Defendants respectfully request the Court grant their motion and stay discovery in this matter until the Court has ruled on their Motions to Dismiss the Complaint.

Respectfully submitted,

/s/ D. Barry Stilz
D. Barry Stilz
Lynn Sowards Zellen
James E. Yeager III
Kinkead & Stilz, PLLC
301 East Main Street, Suite 800
Lexington, KY  40507
bstilz@ksattorneys.com
lzellen@ksattorneys.com
jyeager@ksattorneys.com
Telephone: (859) 296-2300
Facsimile: (859) 296-2566
*Counsel for the Madison County Defendants*

### CERTIFICATE OF SERVICE

I certify that true and correct copies of the foregoing have been served via CM/ECF on this, the 14th day of February, 2025.

/s/ D. Barry Stilz
*Counsel for the Madison County Defendants*